IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-cr-00289-RK ) |
| BENJAMIN K STRIPLIN, | ) ) |
| Defendant. | ) |

# ORDER

On April 25, 2023, Magistrate Judge Lajuana M. Counts issued a Report and Recommendation (Doc. 29), recommending that the Court deny Defendant Benjamin K. Striplin's motion to dismiss the indictment charging him with one count of being a drug user in possession of a firearm in violation of 18 U.S.C. § 922(g)(3) (Doc. 18). Defendant filed an objection to the Report (Doc. 35), and both parties submitted additional briefing (Docs. 36, 40, 45). After an independent review of the matter pursuant to 28 U.S.C. § 636(b)(1), the Court accepts the findings and recommendation by Magistrate Judge Counts in full.

As to Defendant Striplin's Second Amendment challenge to the indictment following *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), following Magistrate Judge Counts' Report and Recommendation, the Eighth Circuit issued its opinion in *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023). In *Jackson*, the Eighth Circuit affirmed the constitutionality of 18 U.S.C. § 922(g)(1), prohibiting possession of firearms by convicted felons, in light of *Bruen*. In doing so, the Court recognized the relevant historical tradition of firearms regulation in the United States as including prohibiting "categories of persons [from possessing firearms] based on a conclusion that the category as a whole presented an unacceptable risk of danger if armed." *Id.* at 504. And indeed, federal firearms regulation was animated by Congress's desire to restrict "categories of presumptively dangerous persons from transporting or receiving firearms . . . because they posed an unacceptable risk of dangerousness." *Id.* at 505 (cleaned up). Ultimately, the *Jackson* Court held that § 922(g)(1)'s prohibition on firearm possession as to felons – as a category of "persons who deviate[] from legal norms or persons who present[] an unacceptable risk of dangerousness" – was consistent with the historical tradition of firearms regulation and did not violate the Second Amendment. *Id.* at 505.

While *Jackson* considered a different subsection of § 922(g) than is at issue here, the Court finds that the historical tradition recognized by the Eighth Circuit in *Jackson* compels the same conclusion here: § 922(g)(3) does not violate the Second Amendment inasmuch as it prohibits possession of firearms as to a category of persons who, at a minimum, "present[] an unacceptable risk of dangerousness." Therefore, upon careful review and consideration, the Court **ORDERS**:

(1) the Report and Recommendation of Magistrate Judge Counts (Doc. 29) is **ADOPTED**;

(2) Defendant's objections (Doc. 35) are **OVERRULED**; and

(3) Defendant's motion to dismiss (Doc. 18) is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 28, 2023